# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAKOTA JOHN-HAWK ROMERO,

    Plaintiff

v.

MUELLER, et al.,

    Defendants

Case No.: 3:23-cv-00623-ART-CSD

**Order**

Re: ECF Nos. 20, 21, 23

On August 20, 2024, the court issued an order screening Plaintiff's Fifth Amended Complaint which allowed certain claims to proceed and dismissed other claims and defendants. The court also directed the Clerk's Office to issues summonses for the U.S. Marshal to effectuate service for those defendants against whom the action is proceeding. (ECF Nos. 18, 19.)

On August 26, 2024, Plaintiff filed a motion to delay service of the Fifth Amended Complaint, noting he would like to cure deficiencies in a Sixth Amended Complaint. (ECF No. 21.) Plaintiff filed his Sixth Amended Complaint on August 30, 2024. (ECF No. 22.)

On September 9, 2024, Plaintiff filed a motion to correct errors in the order screening the Fifth Amended Complaint. (ECF No. 23.)

Plaintiff has also filed a motion for appointment of counsel. (ECF No. 20.)

Plaintiff's motion to delay service of the Fifth Amended Complaint (ECF No. 21) is granted light of Plaintiff's filing of the Sixth Amended Complaint, which supersedes the Fifth Amended Complaint. The court will issue an order screening the Sixth Amended Complaint in due course.

///

As a result, Plaintiff's motion to correct errors in the order screening the Fifth Amended Complaint (ECF No. 23) is denied as moot.

Finally, Plaintiff moves for the appointment of counsel, noting that he is incarcerated, indigent, unable to retain counsel to represent him, and unfamiliar with the law. He further contends the issues in this case are complex, and he cannot adequately present his claims without counsel.

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff has not demonstrated a likelihood of success on the merits of his claims. Nor has he explained *how* these claims are so complex as to require the assistance of counsel. Even though Plaintiff is incarcerated, indigent, and untrained in the law, these circumstances are insufficient to appoint counsel for Plaintiff because those are the general circumstances facing

almost every pro se inmate litigant who files an action in this court. Plaintiff, thus far, has been able to adequately articulate his claims. Therefore, his motion for appointment of counsel (ECF No. 20) is denied.

## CONCLUSION

Plaintiff's motion for appointment of counsel (ECF No. 20) is **DENIED**.

Plaintiff's motion to delay service of the Fifth Amended Complaint (ECF No. 21) is **GRANTED**.

Plaintiff's motion to correct errors in the order screening the Fifth Amended Complaint (ECF No. 23) is **DENIED AS MOOT**.

The court will issue an order screening the Sixth Amended Complaint in due course.

**IT IS SO ORDERED**.

Dated: September 23, 2024

_____
Craig S. Denney
United States Magistrate Judge