UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAKOTA J. ROMERO,<br><br>          Plaintiff,<br>v.<br>DEPUTY HODGE, et al.,<br><br>          Defendants. | Case No. 3:23-CV-00623-ART-CSD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE<br>(ECF No. 33) |

      Plaintiff Dakota J. Romero brings this action under 42 U.S.C. § 1983, alleging inadequate medical care while he was a pretrial detainee at Washoe County Detention Center ("WCDC"). The Court screened Plaintiff's fifth amended complaint and allowed Plaintiff to proceed with Fourteenth Amendment inadequate medical care claims against defendants Wade, Ituake, Deputy Hodge, Nurse Eadee, Nurse Kayley, Nurse Buehler, Jones, Nurse Does 1 and 2, and St. Mary's Provider Does 1 and 2, when Plaintiff learns the identities of the Doe Defendants. (ECF No. 18.) Defendants Washoe County and Sheriff Balaam were dismissed without prejudice. (*Id.*) Plaintiff subsequently filed a sixth and seventh amended complaint. (ECF Nos. 22; 32.) Magistrate Judge Denney issued a Report and Recommendation which screened Plaintiff's seventh amended complaint and recommended that Plaintiff's Fourteenth Amendment inadequate medical care claim proceed against Deputy Hodge, Wade, Ituake, Nurse Kayley, Nurse Eadee, Nurse Buehler, the WCDF Medical Provider Does (Nurse Doe 1 and Medical Provider Doe 3), Brenda Jones, and the St. Mary's Medical Provider Does 1-2.[1] Plaintiff filed objections to the R&R. (ECF No. 34.)

---

[1] The screening order let Plaintiff proceed with claims against WCDF Nurse Does 1 and 2, but the allegations in the Seventh Amended Complaint are only against WCDF/NaphCare Nurse Doe 1 and Medical Provider Doe 3.

1

For the reasons detailed in this order, the Court adopts Judge Denney's recommendation in accordance with this order. The Court dismisses Defendants Washoe County, Washoe County Sheriff's Office, and Sheriff Balaam with prejudice. Plaintiff's Fourteenth Amendment inadequate medical care claim may proceed against the other above-named Defendants.

## I. Legal Standard

### A. Screening Standard

Per Judge Denney's R&R, the standard for screening complaints in which a prisoner seeks redress against the government or an officer or employer of a government entity is as follows:

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court

applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Review of Reports and Recommendations**

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de*

*novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because Plaintiff objects to Judge Denney's R&R, the Court reviews the issues in the R&R *de novo*.

## II.   Analysis

Plaintiff's complaint alleges that he was infected COVID-19 while detained at WCDC, and then developed gastroparesis, for which he received inadequate medical care. Plaintiff's seventh amended complaint names the following defendants: Washoe County Sheriff's Office Deputy Hodge, Washoe County Sheriff's Office, Washoe County, WCDF Medical Provider Elliot Wade, WCDF Medical Provider Ituake, WCDF Medical Provider Doe 3, WCDF Nurse Doe 1, WCDF Nurse Kayley, WCDF Nurse Eadee, WCDF Nurse Michael Buehler, St. Mary's Medical Providers Does 1 and 2, Washoe County Sheriff Darin Balaam, and St. Mary's physical therapy assistant Brenda Jones.

Judge Denney's R&R recommends dismissal of Defendants Washoe County Sheriff's Office, Washoe County, and Washoe County Sheriff Balaam.

### A. Washoe County and Washoe County Sheriff's Office

Judge Denney's R&R first identifies that Washoe County, and not the Sheriff's Office, is a proper defendant. The R&R then recommends dismissal of Washoe County because Plaintiff has failed to state a claim for municipal liability. While Plaintiff's objection reiterates his allegations as to Washoe County, it does not provide any additional factual allegations which would be sufficient to state a claim for municipal liability.

Under *Monell*, municipalities can only be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice

or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not, however, be sued under a respondeat superior theory because it employed an alleged wrongdoer. *Id.* at 603. A plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "A plaintiff must therefore show deliberate action attributable to the municipality [that] directly caused a deprivation of federal rights." *Horton*, 915 F.3d at 603 (citation and quotation marks omitted, emphasis original).

**1. Inadequate Quarantine Practices**

Judge Denney's R&R reasoned that Plaintiff's complaint fails to adequately allege that WCSD's allegedly inadequate COVID-19 quarantine practices were the direct cause of his harm. Specifically, Judge Denney found that because Plaintiff was infected with COVID-19 while self-quarantining, Plaintiff failed to show that his infection and resulting gastroparesis were directly caused WCSD's quarantine practices. The Court disagrees with this aspect of Judge Denney's reasoning because the fact that Plaintiff was infected with COVID-19 while attempting to self-quarantine while detained does not contradict his argument that WCSD's COVID-19 quarantine policies were inadequate. Despite this disagreement, the Court agrees with Judge Denney that Plaintiff has failed to plead adequate facts in support of his argument that the COVID-19 quarantine policies were inadequate. Plaintiff's Seventh Amended Complaint solely alleges that "[o]n or before 1/6/22, the Washoe County Sheriff's office was not adequately quarantining new arrivals to the WCDC during the Covid-19 pandemic," and that he became infected while self-quarantining. (ECF No. 32 at 15.) This allegation, without any facts regarding why the quarantine process was inadequate, is insufficient to show a municipal policy or practice giving rise to municipal liability under *Monell*. 436 U.S. at 690-95; *Horton*, 915 F.3d at 602-603.

### 2. Inadequate Polices and Supervision of Medical Care

Additionally, Judge Denney found that Plaintiff failed to include any facts in support of his allegation that Washoe County did not have adequate policies and supervision in place to ensure adequate medical care. Plaintiff stated that he overheard a deputy say that "hiring had not kept up with the retirements for the previous seven years," which Plaintiff alleges caused him not to get the two hours of walking per day he needed to recover. (ECF No. 32 at 16.) The Court's initial screening order addressed this same contention and determined that this contention was insufficient to support a colorable failure to train claim against Sheriff Balaam for a failure to hire and train enough staff members. (ECF No. 18 at 10.) In his Seventh Amended Complaint, Plaintiff seems to re-state this argument as a policy, practice, or custom of Washoe County. However, Plaintiff has still not provided any additional *facts* which support his contention that the lack of staffing was the direct cause of his harm. Plaintiff states that the County "did not have adequate policies in place ensuring that pretrial detainees were given adequate medical care," and "had inadequate supervision in place" to ensure adequate medical care. These allegations alone, without factual support, are insufficient to show a municipal policy or practice causing direct harm under *Monell*. 436 U.S. at 690-95; *Horton*, 915 F.3d at 603.

### B. Washoe County Sheriff Balaam

Plaintiff alleges that Sheriff Balaam had inadequate supervision over his infirmary and inadequate policies in place to ensure that pretrial detainees were given adequate medical care. Judge Denney found that Plaintiff failed to state a claim against Sheriff Balaam because he did not provide any factual allegations to support his claim.

To state a claim for supervisory liability for failure to train, "the plaintiff must show that the official was 'deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or

6

deprivation of rights.'" *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022) (quoting *Flores v. Cnty. of L.A.*, 758 F.3d 1154, 1159 (9th Cir. 2014)). To satisfy this standard, the plaintiff must "allege facts to show that the official 'disregarded the known or obvious consequence' that a particular omission in their training program would cause [prison] employees to violate [prisoners'] constitutional rights.'" *See id.* (internal brackets and ellipses omitted) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

The Court agrees that Plaintiff has not plead adequate factual allegation to support this claim. Plaintiff only states that "Darin Balaam had a deliberate indifference to my serious medical needs while having inadequate supervision over his infirmary" and "Darin Balaam had inadequate policies in place that did not ensure that pretrial detainees were given adequate medical care." (ECF No. 32 at 16.) Plaintiff did not allege any facts which describe the alleged inadequate policies or inadequate supervision.

In conclusion, the Court agrees with Judge Denney's recommendation that Plaintiff failed to state a claim against Defendants Washoe County, Washoe County Sheriff's Office, and Sheriff Balaam. The Court dismisses these Defendants from this action.

Judge Denney's R&R recommended that these Defendants should be dismissed with prejudice because Plaintiff has been given multiple opportunities to amend his complaint and has failed to include facts to support a claim against these Defendants. A district court may deny a plaintiff leave to amend if it determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986), or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies, *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court agrees that it is appropriate to dismiss these claims with prejudice.

### III. CONCLUSION

It is therefore ordered that Plaintiff's objection to Judge Denney's Report and Recommendation (ECF No. 34) is OVERRULED.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 33) is ADOPTED in accordance with this order.

It is further ordered that the Seventh Amended Complaint (ECF No. 32) is the operative complaint in this action.

It is further ordered that Plaintiff may PROCEED with his Fourteenth Amendment inadequate medical care claims in the Seventh Amended Complaint against the following defendants: Deputy Hodge, Wade, Ituake, Nurse Kayley, Nurse Eadee, Nurse Buehler, the WCDF Medical Provider Does (Nurse Doe 1 and Medical Provider Doe 3), Brenda Jones, and the St. Mary's Medical Provider Does 1-2.[2]

It is further ordered that Defendants Washoe County, Washoe County Sheriff's Office, and Sheriff Balaam are DISMISSED from this action with prejudice.

The Clerk is directed to issue summonses for Defendants Hodge, Wade, Ituake, Nurse Eadee, Nurse Kayley, Nurse Buehler, and Brenda Jones and deliver the same to the U.S. Marshal for service. The Clerk should further be directed to send sufficient copies of the Seventh Amended Complaint (ECF No. 32) and this order to the U.S. Marshall for service on the Defendants.

The Clerk is directed to send Plaintiff seven USM-285 forms. Plaintiff should be given 30 days to furnish the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form.

Within 20 days after receiving from the U.S. Marshal a copy of the USM-

---

[2] Plaintiff may proceed against the Doe Defendants if and when he learns their identities and moves to substitute and/or amend in accordance with the Federal Rules of Civil Procedure, Local Rules and operative scheduling order.

8

285 form showing whether service has been accomplished, the Plaintiff should be required to file a notice with the court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on any unserved Defendant, then a motion must be filed with the court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

Plaintiff is advised that he must serve upon Defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. If Plaintiff electronically files a document with the court's electronic filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. If Plaintiff mails a document to the court, he shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The court may disregard any document received that has not been filed with the Clerk or which fails to include a certificate showing proper service when required.

Dated this 4th day of March 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

9