UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAKOTA J. ROMERO,

    Plaintiff

v.

JASON HODGE, et al.,

    Defendants

Case No.: 3:23-cv-00623-ART-CSD

**Order**

Re: ECF Nos. 117, 119, 120, 121, 125

Plaintiff has filed a motion asking the court for funds to hire a private investigator to find the full legal name of the sheriff's daughter that worked at the Washoe County Detention Facility and Saint Mary's Regional Medical Center and to find where Brenda Jones can be served. (ECF No. 117.) He has also filed motions asking the court to appoint expert witnesses, including a nurse with jail experience (ECF No. 119), a physical therapist (ECF No. 120), a doctor with experience working in a jail (ECF No. 121), and a sheriff's deputy with experience working in a jail infirmary (ECF No. 125).

First, insofar as he requests funds to hire a private investigator, Plaintiff was granted *in forma pauperis* (IFP) status for an inmate such that he was not required to pay the filing fee up front, but he must pay the filing fee over time when he has the requisite funds in his inmate account. The District of Nevada's Local Rules specifically provide that "[t]he granting of an application to proceed [IFP] does not relieve the applicant of the responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915." LSR 1-6.

The IFP statute, 28 U.S.C. § 1915, does not authorize the expenditure of funds for an indigent plaintiff to hire a private investigator. *See* 28 U.S.C. § 1915; *see also Tedder v. Odel,*

890 F.2d 210, 211-12 (9th Cir. 1989) (IFP statute does not waive payment of fees for an indigent plaintiff's witness expenses); *Santos v. Baca*, No. 2:11-cv-01251-KJD-NJK, 2014 WL 12910916, at *2 (D. Nev. Aug. 19, 2014) (citing *Covarrbias v. Gower*, 2014 WL 342548, at *1 (N.D. Cal. Jan. 29, 2014)), denying motion by indigent inmate to appoint private investigator). Therefore, Plaintiff's motion for funds to hire a private investigator is denied.

Second, insofar as Plaintiff asks the court to appoint various expert witnesses to aid him in conducting this litigation, "[t]he [IFP] statute, 28 U.S.C. § 1915, does not provide for the appointment of expert witnesses to aid prisoners or other litigants." *Cepero v. Las Vegas Met. Police Dep't,* No. 2:11-cv-01421-JAD-NJK, 2019 WL 2616179, at *1 (D. Nev. June 26, 2019) (citations omitted). The court may, however, on its own, or on the motion of a party, appoint an expert witness. Fed. R. Evid. 706(a). The expert "is entitled to reasonable compensation, as set by the court," and in a civil case such as this, is payable "by the parties in the proportion and at the time that the court directs —and the compensation is then charged like other costs." Fed. R. Evid. 706(c)(2); *see also McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds sub nom., Helling v. McKinney*, 502 U.S. 902 (1992), *judgment reinstated,* 959 F.2d 853 (9th Cir. 1992), *aff'd*, 509 U.S. 25 (1993). Where, as here, one of the parties is indigent, the court may apportion all the costs to one side. *McKinney*, 924 F.3d at 1510-11.

The purpose of a court-appointed expert under Rule 706 is *to assist the trier of fact*, not to serve as an advocate. *See Pedraza v. Jones,* 71 F.3d 194, 196 (5th Cir. 1995); *accord Boring v. Kazakiewcz,* 833 F.2d 468, 474 (3d Cir. 1987). The determination of whether to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997).

The appointment of experts in Eighth Amendment deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appointment experts in such cases. *See e.g. Hannah v. U.S.*, 523 F.3d 597 (5th Cir. 2008).

Here, Plaintiff asks the court to appoint various experts to aid him in litigating this case. The court does not find, especially at this early juncture, that any expert witness is necessary to aid the trier of fact. Therefore, Plaintiff's motions to appoint various experts are denied.

## CONCLUSION

Plaintiff's motions (ECF Nos. 117, 119, 120, 121, and 125) are **DENIED** for the reasons set forth above.

**IT IS SO ORDERED**.

Dated: December 11, 2025

_____
Craig S. Denney
United States Magistrate Judge