**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAKOTA J. ROMERO,<br><br>　　　Plaintiff<br><br>v.<br><br>JASON HODGE, et al.,<br><br>　　　Defendants | Case No.: 3:23-cv-00623-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 156, 157 |

　　　Before the court are two motions filed by Plaintiff seeking an order that the court issue subpoenas to Paul Gammel and Merrie Latham—both of St. Mary's Outpatient Physical Therapy— and directing these individuals to write an affidavit explaining what they observed while treating Plaintiff. (ECF Nos. 156 (re: Paul Gammel) and 157 (Merrie Latham).)

　　　A subpoena may be used to command a non-party to attend and testify, produce documents, electronically stored information, or tangible things in that person's possession, custody or control, or permit the inspection of premises. Fed. R. Civ. P. 45(a). Rule 45 does not permit the court to issue a subpoena to command a non-party to provide a party with an affidavit. Therefore, to the extent Plaintiff's motions ask the court to issue a subpoena to compel these non-parties to provide him with affidavits, his motions are denied.

　　　A party may depose any person, including a party, by oral questions without leave of court. For a non-party, the deponent's attendance may be compelled by subpoena under Rule 45. Fed. R. Civ. P. 30(a)(1). The party seeking to conduct a deposition must give written notice to every other party, stating the time and place of the deposition, and the deponent's name and address (if known). Fed. R. Civ. P. 30((b)(1). The party who notices the deposition must state in

the notice the method for recording the testimony. Unless the court orders otherwise, the testimony may be recorded by audio, audiovisual, or stenographic means. **The noticing party bears the recording costs**. Fed. R. Civ. P. 30(b)(3)(A). With prior notice to the deponent and other parties, any party may designate another method for recording the testimony, but that party **bears the expense of the additional record or transcript** unless the court orders otherwise. Fed. R. Civ. P. 30(b)(3)(B). The parties may stipulate, or the court may order on motion, that a deposition be taken by telephone or other remote means. Fed. R. Civ. P. 30(b)(4).

Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. Fed. R. Civ. P. 30(b)(5)(A). Under Rule 28, a deposition must be taken before: (A) an officer authorized to administer oaths either by federal law or by the law in the place of the examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony. Fed. R. Civ. P. 28(a)(1)(A)-(B). The officer must state on the record his/her name and business address; the date, time and place of the deposition; the deponent's name; the officer's administration of the oath or affirmation to the deponent; and the identity of all persons present. Fed. R. Civ. P. 30(b)(5)(A)(i)-(v). At the end of the deposition, the officer must state on the record that the deposition is complete and must set out any stipulation by the attorneys about custody of the transcript or recording and of exhibits. Fed. R. Civ. P. 30(b)(5)(C).

After putting the deponent under oath, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). Fed. R. Civ. P. 30(c)(1).

The officer must then certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. Fed. R. Civ. P. 30(f)(1).

For a non-party, the subpoena commanding the witness's attendance must state the method for recording the testimony. Fed. R. Civ. P. 45(B). The subpoena must be served on the person and if it requires that person's attendance (as a deposition subpoena would), it must be accompanied by the fees for 1 day's attendance and mileage allowed by law. Fed. R. Civ. P. 45(b)(1). A subpoena may only command a person to attend a deposition within 100 miles of where the person resides, is employed or regularly transacts business. Fed. R. Civ. P. 45(c)(1)(A).

While it is a possibility that the depositions Plaintiff seeks to conduct could be taken remotely via telephone or videoconferencing technology (if available), the burden is on Plaintiff to secure this capability; to provide and pay for the mechanism for recording the oral deposition; to secure a deposition officer; and for non-party witnesses, to pay the attendant fees under Rule 45.

Federal Rule of Civil Procedure 31 allows a party to take a deposition of any person, including a party, by written questions. A non-party's attendance to submit to a deposition by written questions may be compelled by a subpoena under Rule 45. Fed. R. Civ. P. 31(a)(1). The party noticing the deposition must deliver to the deposition officer (under Rule 28) a copy of all the questions served and of the notice. The officer must proceed to take the deponent's testimony in response to the questions; prepare and certify the deposition; and send it to the party. Fed. R. Civ. P. 30(a)(3), (b)(1)-(3).

Again, plaintiff must secure the deposition officer, who is usually a stenographer, and pay any applicable feels, as well as pay any attendant fees to a non-party witness under Rule 45.

Courts have held that an inmate's *in forma pauperis* status does not entitle him to a waiver of any of the costs associated with these forms of deposition. Instead, he must pay the

necessary deposition officer fee, the court reporter fee (or fee for other methods of recording), and costs of a transcript. *See Shepherd v. Neuschmid,* No. 2:19-cv-0084 JAM DP, 2021 WL 1172915, at *7 (E.D. Cal. Mar. 29, 2021) (citations omitted); *James v. Lee,* No. 16-cv-01592-AJB-JLB, 2019 WL 3220156, at * 3 (S.D. Cal. July 17, 2019) (plaintiff is financially responsible for procuring a deposition officer to transcribe the testimony, for notice and delivery of the questions, and for filing the deposition); *Cuff v. Harris,* No. 2:16-cv-1999 MCE DB P, 2018 WL 2441592, at *1-2 (E.D. Cal. May 31, 2018) (citations omitted); *Harrell v. Jail*, No. 2:14-cv-1690 TLN CKD P, 2015 WL 8539037, at *1-2 (E.D. Cal. Dec. 11, 2015) (citation omitted); *Pinson v. Prieto*, No. ED CV 10-811-PSG (SP), 2013 WL 12377241, at *2 (C.D. Cal. Aug. 13, 2013) the rules do not relieve the party taking the deposition from the burden of retaining a deposition officer to take the deposition and a court reporter to transcribe the deposition).

Plaintiff has not indicated that he has the means to bear financial responsibility for retaining the deposition officer, recording/transcribing the deposition and for any witness fees. Therefore, to the extent Plaintiff's motions can be construed as a request to issue deposition subpoenas for these non-parties, Plaintiff's motions are also denied.

## CONCLUSION

Plaintiff's motions to issue subpoenas for non-parties Paul Gammel and Merrie Latham (ECF Nos. 156, 157) are **DENIED**.

**IT IS SO ORDERED**.

Dated: February 23, 2026

_____
Craig S. Denney
United States Magistrate Judge