**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAKOTA J. ROMERO, | Case No.: 3:23-cv-00623-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 166 |
| HODGE, et al., | |
| Defendants | |

Plaintiff has filed a motion seeking reconsideration of this court's order in ECF No. 159. (ECF No. 166.)

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted); *see also* LR 59-1(a). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

Motions for reconsideration are disfavored. LR 59-1(b). A party seeking reconsideration of an interlocutory order (a non-case dispositive order) "must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). Reconsideration may be appropriate if: "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* "A movant

must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b). "A movant who repeats arguments will be subject to appropriate sanctions." *Id*.

Plaintiff filed a motion requesting the issuance of a subpoena to the Nevada Attorney General's Office for all of his kites, medical kites, grievances and other records, including all records and information in his I-file and C-file, and recordings of phone calls, stored audio and video recordings of Plaintiff doing any sort of physical activity, and copies of any mail or email or text messages from anyone at the Washoe County District Attorney's Office to the Attorney General's Office mentioning Plaintiff. (ECF No. 153.)

The court denied Plaintiff's motion because there are no claims proceeding (or likely to proceed) in this action against a defendant that might be represented by the Nevada Attorney General's Office, including any claims against any defendant employed by the Nevada Department of Corrections (NDOC), where Plaintiff is currently in custody. (ECF No. 159.)

In this motion for reconsideration, Plaintiff asserts the records requested may contain discoverable information, and he had phone calls he plans to use at trial, and his kites and grievances may contain information he can use in this action.

Plaintiff has not established there is newly discovered evidence that was not available when he filed his original motion. Nor does he cite any clear error or injustice in the original order. Finally, he has not established an intervening change in controlling law.

Therefore, Plaintiff's motion for reconsideration (ECF No. 166) is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 25, 2026

Craig S. Denney
United States Magistrate Judge

2