**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| DAKOTA J. ROMERO,<br><br> Plaintiff<br><br>v.<br><br>HODGE, et al.,<br><br> Defendants | Case No.: 3:23-cv-00623-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 167 |

Plaintiff has filed a motion seeking reconsideration of this court's order in ECF No. 162. (ECF No. 167.)

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted); *see also* LR 59-1(a). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

Motions for reconsideration are disfavored. LR 59-1(b). A party seeking reconsideration of an interlocutory order (a non-case dispositive order) "must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). Reconsideration may be appropriate if: "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* "A movant

must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b). "A movant who repeats arguments will be subject to appropriate sanctions." *Id*.

Plaintiff filed a motion asking the court to order the Nevada Department of Corrections (NDOC), where he is currently in custody, to let him have the medical records in his cell that were sent to him by Defendants. (ECF No. 148.)

The court issued an order denying Plaintiff's motion, noting that NDOC's Administrative Regulation (AR) 639 prohibits an inmate from possessing any portion of his medical file in his cell, but an inmate may request to review his medical records under the supervision of medical staff. (ECF No. 162.)

In his motion for reconsideration, Plaintiff argues the records in question had been in his possession for four months, and the records are thousands of pages so it is unrealistic for him to be able to review and prepare to use those records in this litigation.

Plaintiff has not set forth newly discovered evidence; that the court's ruling was in error or manifestly unjust; or that there has been a change in intervening law. The fact remains that Plaintiff may use NDOC's procedures to review documents in his medical file that are relevant to this litigation. He may send a request (known as a "kite") to undertake such a review, and may give the officials at NDOC a copy of this Order so they know that Plaintiff is seeking to review medical records relevant to ongoing litigation and that he should be given a reasonable opportunity to undertake such review.

///

///

///

As such, Plaintiff's motion for reconsideration (ECF No. 167) is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 25, 2026

_____
Craig S. Denney
United States Magistrate Judge

3