# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DAKOTA J. ROMERO,

    Plaintiff

v.

HODGE, et al.,

    Defendants

Case No.: 3:23-cv-00623-ART-CSD

**Order**

Re: ECF No. 168

Plaintiff has filed a motion seeking reconsideration of this court's order at ECF No. 161. (ECF No. 168.)

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted); *see also* LR 59-1(a). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

Motions for reconsideration are disfavored. LR 59-1(b). A party seeking reconsideration of an interlocutory order (a non-case dispositive order) "must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). Reconsideration may be appropriate if: "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* "A movant

must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b). "A movant who repeats arguments will be subject to appropriate sanctions." *Id*.

Plaintiff filed two motions seeking the issuance of subpoenas to Paul Gammel and Merrie Latham, both of St. Mary's Outpatient Physical Therapy, and directing these individuals to write an affidavit explaining what they observed while treating Plaintiff. (ECF Nos. 156 (Gammel) and 157 (Latham).)

The court issued an order denying the motions, noting that Federal Rule of Civil Procedure 45 does not permit the court to issue a subpoena to command a non-party to provide a party with an affidavit. The court advised Plaintiff that a party may depose any person by oral questions, and for a non-party, the deponent's attendance may be compelled by subpoena under Rule 45, but the party noticing such a deposition bears the accompanying costs, and courts have held that an inmate's *in forma pauperis* status does not entitle him to a waiver of such costs. (ECF No. 161.)

In this motion for reconsideration, Plaintiff states that he needs subpoenas issued to Paul Gammel and Merrie Latham to get sworn affidavits from these individuals. He argues that the County can use taxpayer dollars to litigate its case, and so he should be entitled to taxpayer funds for these subpoenas to assist in this litigation.

Plaintiff does not introduce any new evidence to support his claim. Nor does he provide the court with any authority to support his position that taxpayer funds should be advanced for this purpose. There has been no intervening change in controlling law, and the court does not find its prior order to be in error or manifestly unjust.

///

2

Therefore, Plaintiff's motion for reconsideration (ECF No. 168) is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 25, 2026

Craig S. Denney
United States Magistrate Judge

3