**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAKOTA J. ROMERO,

Plaintiff

v.

JASON HODGE, et al.,

Defendants

Case No.: 3:23-cv-00623-ART-CSD

**Order**

Re: ECF No. 225

Plaintiff has filed a motion seeking a 45-day extension of time to complete service with respect to his Eighth Amended Complaint, stating that there was some delay in issuance of the summonses. (ECF No. 225.)

Plaintiff filed a motion stating he was never sent the summonses to give to the U.S. Marshal for service and requested additional time for service. (ECF No. 194.) On July 6, 2026, the court issued an order noting that when District Judge Traum issued her order on the Eighth Amended Complaint, the Clerk was inadvertently not directed to issues the summonses and USM-285 forms for service by the U.S. Marshal. As such, the court directed the Clerk to issue the summonses for each of the defendants who have not been served (Eloy Ituarte, Kayla Cryer, Haley Carlile, Isela Barrera, Kayla Hallerman, Edith Strong, Porsche Hill, Carly Spicer, Michael Tover, Caroline Cruz, Michael Buehler, Kandice Fleming, and Linette Jessop), as well as the USM-285 forms for Plaintiff to fill out and send to the U.S. Marshal. At that time, the court gave Plaintiff 60 days, until September 4, 2026, to complete service. (ECF No. 200.) As such, Plaintiff still has 30 days left to complete service.

The summonses were issued by the Clerk that same day, July 6, 2026. (ECF Nos. 201,. 201-1 to 201-12.)

Each of the summonses issued has been returned as unexecuted. (ECF Nos. 211-224.) The returns indicate that Plaintiff provided an address for service at Naphcare's corporate office in Las Vegas, Nevada, and that Naphcare was not found at that location. (*Id.*)

It should be noted that under Federal Rule of Civil Procedure 4(e), an individual may be served by:

> (1) following state law for serving a summons … in the state where the district court is located or where service is made;
>
> (2) doing any of the following:
>
> (A) delivering a copy … to the individual personally;
>
> (B) leaving a copy … at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy … to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Nevada allows for service of an individual by the same methods. Nev. R. Civ. P. 4.2(a)(1). As such, service on an individual at corporate headquarters in Las Vegas (even if the address was correct), would not be proper service on an individual (particularly where Plaintiff alleges these individuals worked in Reno, Nevada).

As Plaintiff still has thirty (30) days to complete service, the court will grant Plaintiff another fifteen (15) day extension to complete service. Service must be completed by September 19, 2026, or the unserved Defendants will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

///

## CONCLUSION

Plaintiff's motion (ECF No. 225) is **GRANTED** insofar as the deadline to complete service is extended to **September 19, 2026**. If the defendants are not served by that time, they will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

The Clerk shall **ISSUE** additional summonses for the following unserved defendants: Eloy Ituarte, Kayla Cryer, Haley Carlile, Isela Barrera, Kayla Hallerman, Edith Strong, Porsche Hill, Carly Spicer, Michael Tover, Caroline Cruz, Michael Buehler, Kandice Fleming, and Linette Jessop.

The Clerk shall also **SEND** Plaintiff USM-285 forms for each unserved defendant. Plaintiff shall furnish the U.S. Marshal with completed USM-285 forms for each defendant as soon as possible, at 400 S. Virginia St., 2nd Floor, Reno, Nevada 89501.

**IT IS SO ORDERED**.

Dated: August 5, 2026

Craig S. Denney
United States Magistrate Judge