**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAKOTA J. ROMERO,

Plaintiff

v.

JASON HODGE, et al.,

Defendants

Case No.: 3:23-cv-00623-ART-CSD

**Order**

Re: ECF No. 242

Plaintiff has filed a motion to reopen discovery as to Defendants Hodge and Wade. (ECF No. 242.)

## I. BACKGROUND

The court issued an initial scheduling order in this case on May 13, 2025, and discovery was set to close on November 10, 2025. (ECF No. 67.)

Plaintiff filed a motion to stay discovery for 90 days. (ECF No. 80.) The court did not find that Plaintiff demonstrated good cause to stay discovery, but granted Plaintiff's motion insofar as he sought an extension of the unexpired scheduling order deadlines by 90 days. This extended the discovery cutoff to February 9, 2026. That order set forth the deadline to move to extend discovery as January 19, 2026. (ECF No. 87.)

On September 11, 2025, Plaintiff filed a motion to extend the scheduling order deadlines by another three months. (ECF No. 101.) The court denied Plaintiff's motion as it did not comply with Local Rule IA 6-1. Moreover, under the existing deadlines, Plaintiff still had roughly four months to conduct discovery. (ECF No. 110.)

Plaintiff then sought leave to amend to file an eighth amended complaint. The undersigned issued a report and recommendation that Plaintiff be allowed to proceed with a Fourteenth Amendment failure to protect claim against Hodge, as well as Fourteenth Amendment inadequate medical care claims against Wade, Ituarte, NaphCare Provider 3, WCSO/SMRMC Nurse Doe, WCDF/Naphcare Nurses Cryer, Carlile, Barrera, Hallerman, Strong, Hill, Spicer, Tover, Cruz, Bueheler, Fleming, Jessop, and SMRMC Does 1 and 2. (ECF No. 142.)

On March 2, 2026, defendant Hodge sought an extension of the dispositive motions deadline while the report and recommendation on the eighth amended complaint was pending before Judge Traum, noting that discovery had closed with respect to Hodge and Wade. (ECF No. 164.) Plaintiff supported the request for this extension, noting he might seek additional time to conduct discovery after a decision was made with respect to the eighth amended complaint. (ECF No. 165.) On March 25, 2026, the court granted the motion, making dispositive motions due June 8, 2026. The court specifically noted that if Plaintiff seeks to reopen discovery at some point, any motion to do so must be supported by a showing of excusable neglect as the discovery deadline had already expired. (ECF No. 169.)

On May 18, 2026, Hodge filed a motion to extend the dispositive motions deadline by 92 days since Judge Traum had still not issued an order on the report and recommendation on the eighth amended complaint. (ECF No. 183.) Again, the motion noted that discovery was complete as to Wade and Hodge.

That same day, Plaintiff filed a motion requesting that all *unexpired* deadlines be extended by three months since Judge Traum had not issued a decision on the eighth amended complaint. (ECF No. 185.)

On May 19, 2026, the court granted Hodge's motion, making dispositive motions due on September 8, 2026. (ECF No. 184.) Plaintiff's motion was denied as moot since the only unexpired deadline were the dispositive motions and joint pretrial order deadlines, and the court had already extended those deadlines by 90 days. (ECF No. 205.) The court noted that it would discuss reopening discovery *as to the defendants added by way of the eighth amended complaint* at the case management conference. (ECF No. 205.)

On May 28, 2026, District Judge Traum adopted the report and recommendation and the Eighth Amended complaint was filed. (ECF Nos. 186, 187.) Wade and Hodge answered the eighth amended complaint on June 11 and 12, 2026. (ECF Nos. 189, 190.)

Plaintiff sought an extension of the dispositive motions deadline as to the claims proceeding against Hodge and Wade to October 15, 2026. (ECF Nos. 232, 234.) Defendant Hodge filed his motion for summary judgment on September 4, 2026. (ECF No. 235.) Plaintiff's response is currently due on September 25, 2026.

Plaintiff has now filed a motion to reopen discovery as to Hodge and Wade because during the discovery period he spent many hours reviewing his medical records and drafting his eighth amended complaint.

**II. DISCUSSION**

The court expressly instructed Plaintiff that if he sought to reopen discovery after discovery had closed, his motion had to be supported not only by good cause, but a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

"To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the

reason for the delay; and (4) whether the movant acted in good faith." *Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Ins. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.3d 74 (1993)).

Plaintiff had 272 days to conduct discovery with respect to Hodge and Wade: between May 13, 2025, when the original scheduling order was entered, and February 9, 2026, when discovery closed as to those defendants. During this time, Wade and Hodge conducted discovery and Plaintiff has apparently conducted no discovery. This was more than enough time for Plaintiff to conduct discovery, even considering that Plaintiff had to review medical records and draft an eighth amended complaint. Plaintiff had reviewed his medical records and then submitted his motion for leave to amend to file the eighth amended complaint on October 8, 2025, nearly four months before the close of discovery. Thus, Plaintiff knew the parameters of his claims against Wade and Hodge well before the close of discovery. Moreover, while Plaintiff changed the title of his claim against Hodge, the facts supporting the claim against Hodge as well as the claim against Wade remain largely the same as the seventh amended complaint.

Wade and Hodge will certainly be prejudiced by the reopening of discovery because they have been litigating this case in good faith since they appeared. They conducted their own discovery and at least one party has filed a motion for summary judgment. The length of delay is significant as Plaintiff had 272 days to conduct discovery as to these two parties. Reopening discovery as to Wade and Hodge at this time, some seven months after discovery closed, and after one defendant has filed a dispositive motion and the deadline for the other party to file a dispositive motion is imminent, would prolong this case further as to these two defendants. As discussed above, Plaintiff does not set forth adequate reasons for the delay in conducting discovery. While the court does not necessarily find Plaintiff is acting in bad faith, it is clear that

Plaintiff has not been proactive in litigating this case against Wade and Hodge. It does not appear he served any formal discovery request on these defendants in the duration of this case. Plaintiff initiated this action in 2023, and was allowed to proceed with claims against Wade and Hodge as far back as August 2024. (ECF No. 18.)

Plaintiff's dilatory conduct in prosecuting this action as to Wade and Hodge, including his failure to conduct any discovery within the significant time allotted, will only serve to further prolong this proceeding and delay its ultimate resolution as to Wade and Hodge

For these reasons, Plaintiff's motion to reopen discovery as to Wade and Hodge is denied.

## III. CONCLUSION

Plaintiff's motion to reopen discovery as to Wade and Hodge (ECF No. 242) is **DENIED;** however, the court will give Plaintiff an extension of time, until **October 15, 2026**, to file his response to Hodge's motion for summary judgment.

**IT IS SO ORDERED**.

Dated: September 16, 2026

Craig S. Denney
United States Magistrate Judge