UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAKOTA J. ROMERO,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY HODGE, *et al.*,<br><br>Defendants. | Case No. 3:23-cv-00623-ART-CSD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 206) |

*Pro* se Plaintiff Dakota Romero brings this action under 42 U.S.C. § 1983, alleging inadequate medical care while he was a pretrial detainee at Washoe County Detention Center ("WCDC"). He filed a motion for a temporary restraining order (TRO) requesting that Defendants, their counsel, and their staff be prohibited from entering Plaintiff's criminal charges in any motion submitted to the Court in this matter. (ECF No. 197.) Magistrate Judge Craig S. Denney filed a Report & Recommendation (R&R) denying Mr. Romero's TRO. (ECF No. 206.) Mr. Romero objected. (ECF No. 211.) For the following reasons, the Court adopts the R&R and denies Mr. Romero's motion.

## I. LEGAL STANDARD

Magistrate judges are empowered to issue reports and recommendations on dispositive issues, which district judges may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because Plaintiff objects to Judge Denney's R&R, the Court reviews the issues in the R&R *de novo*.

## II. ANALYSIS

Mr. Romero argues that a TRO is necessary because Defendants recently described his criminal charges in a motion, which he believes was an attempt to ensure that he is unable to acquire representation. (ECF No. 197 at 2.) Judge Denney recommends denial of Mr. Romero's motion for a TRO because Mr. Romero does not address any of the factors to justify a TRO in his motion, and states that any attorney that seeks to represent Mr. Romero will be able to discover the nature of his criminal charges and conviction as a matter of public record. (ECF No. 206.) Mr. Romero objects that his criminal information is not relevant to his civil rights complaint and his ability to succeed in this lawsuit and get the medical care he needs will depend on hiring an attorney. (ECF No. 211.)

To obtain injunctive relief, a party must establish: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) injunctive relief is in the public interest. W*inter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (standard for temporary restraining order is the same as that applied to a preliminary injunction).

The Court agrees with Judge Denney's reasoning; Mr. Romero has not addressed any of these factors in his motion. Neither does his TRO seek relief that is requested in his complaint. Therefore, the Court adopts his R&R in full.

## III. CONCLUSION

It is therefore ordered that Judge Denney's report and recommendation (ECF No. 206) is adopted in full.

It is further ordered that Plaintiff's motion for a temporary restraining order (ECF No. 197) is DENIED.

//

//

Dated this 2nd day of October, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE