**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAKOTA J. ROMERO,

Plaintiff

v.

JASON HODGE, et al.,

Defendants

Case No.: 3:23-cv-00623-ART-CSD

**Order**

Re: ECF Nos. 256-258

Plaintiff has filed motions seeking to reopen discovery for the limited purpose of issuing a subpoena to NaphCare, Inc., to obtain information to assist with service of the identified but unserved defendants who worked for NaphCare, Inc., at the Washoe County Detention Facility (WCDF). Plaintiff also seeks an extension of the deadline to serve these individuals. (ECF Nos. 256-258.)[1]

## I. BACKGROUND

District Judge Traum issued an order adopting the report and recommendation concerning the Eighth Amended Complaint, and it was filed on May 28, 2026. (ECF Nos. 186-187.) On July 6, 2026, the court issued summonses for the remaining defendants who have been identified and not served and gave Plaintiff until September 4, 2026, to complete service. (ECF No. 200.) All of the summonses were returned unexecuted. (ECF Nos. 212-224.) Plaintiff then sought and was granted an extension to September 19, 2026, to complete service. (ECF No. 226.) On September 16, 2026, the court gave Plaintiff an additional 45 days, until November 3, 2026, to complete service as to the remaining defendants. (ECF No. 246.)

[1] The three motions are identical, but were docketed separately due to the varying relief sought.

Plaintiff now seeks to reopen discovery for the limited purpose of obtaining a subpoena to NaphCare, Inc., to be served by the U.S. Marshal, to facilitate the completion of service as to the remaining identified unserved defendants who worked for NaphCare, Inc., at WCDF.

## II. DISCUSSION

Federal Rule of Civil Procedure 45 provides that "[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3). Therefore, the clerk must issue a signed, but otherwise blank subpoena to an inmate plaintiff who requests it.

Federal Rule of Civil Procedure 45 provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

28 U.S.C. § 1915, which governs *in forma pauperis* (IFP) proceedings, states: "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d).

Federal Rule of Civil Procedure 4(c)(3) similarly provides that the court must order service by a United States Marshal if a an IFP plaintiff so requests.

The Ninth Circuit has implicitly held that "all process" applies to the service of a subpoena under Rule 45. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989); *Dixon v. Ylst*, 990 F.2d 479, 480 (9th Cir. 1983).

That provision, however, does not waive the payment of any applicable fees or expenses for witnesses. *Dixon*, 990 F.2d at 480 (citation omitted). Under Rule 45, the fees apply if the subpoena requires the subject's attendance. A subpoena requesting only documents, such as that sought by Plaintiff, does not require the payment of fees.

The issuance of a subpoena for an IFP litigant is subject to limitations. Because personal service is required, "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008).

Here, Plaintiff seeks a subpoena commanding NaphCare, Inc., to produce the last known addresses of the Defendants he has identified that worked for NaphCare, Inc., at WCDF, but have not yet been served. District courts have accepted that using a Rule 45 subpoena is a permissible means to discover information to effectuate service. *See e.g., Reed v. Dzurenda*, 2:19-cv-00326-JAD-BNW, 2021 WL 279812, at *2 (D. Nev. Jan. 27, 2021) (citing cases). As an inmate, plaintiff has very limited means of discovering this information without a subpoena.

Plaintiff acknowledges this information should not be provided to him directly, as an inmate, but he asks that it be provided to the court and/or U.S. Marshals.

## III. CONCLUSION

Plaintiffs' motions (ECF Nos. 256-258) are **GRANTED** insofar as:

The Clerk shall kindly **ISSUE** a subpoena to the Registered Agent for NaphCare, Inc., at 112 North Curry Street, Carson City, NV 89703, commanding the production of documents evidencing the last known addresses for the following defendants whom Plaintiff claims worked for NaphCare, Inc., at WCDF: Kayla Cryer, Haley Carlile, Isela Barrera, Kayla Hallerman, Edith

Strong, Porsche Hill, Carly Spicer, Michael Tover, Caroline Cruz, Michael Buehler, Kandice Fleming, and Linette Jessop.

The Clerk shall also kindly **SEND** the U.S. Marshals Service a copy of this Order and the issued subpoena.

The U.S. Marshal is kindly directed to attempt service of the subpoena and a copy of this Order on the Registered Agent for NaphCare, Inc. at 112 North Curry Street, Carson City, NV 89703.

The U.S. Marshal shall kindly file a proof of service of the subpoena on the registered agent.

Within **30 days** of service of the subpoena, any responsive documents to the subpoena shall be sent by NaphCare, Inc., to the U.S. Marshals Office at 400 S. Virginia Street, Room 201, Reno, NV 89509, and **NOT SENT TO THE INMATE PLAINTIFF**.

The U.S. Marshal shall then provide any responsive documents to the Clerk, who shall kindly file such documents **UNDER SEAL, BUT NOT SERVE THEM ON THE INMATE PLAINTIFF**.

Upon the filing under seal of any responsive documents containing last known addresses for the above-mentioned defendants, the court will issue USM-285 forms and send them, along with a copy of the Eighth Amended Complaint, to the U.S. Marshal to attempt service.

The deadline for Plaintiff to complete service is extended to **January 1, 2027**.

**IT IS SO ORDERED**.

Dated: October 28, 2026

Craig S. Denney
United States Magistrate Judge